DEFENDANT: GUISEPPE BELLITTO
CASE NUMBER: 00-6309-CR-SEITZ/010

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **5 Months**.

The Court recommends to the Bureau of Prisons:

    Defendant be placed in a facility in South Florida so that his family can visit him.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons **before 2:00 P.M. on January 2, 2002.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _(s)  01-02-02_ to _FCI- Miami_

at _____, with a certified copy of this judgment.

_E) Gonzalez_ Warden
UNITED STATES MARSHAL

By: _J. Masola_ LIE
Deputy U.S. Marshal



DEFENDANT: GUISEPPE BELLITTO
CASE NUMBER: 00-6309-CR-SEITZ/010

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term **3 years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**The defendant shall also comply with the additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: GUISEPPE BELLITTO
CASE NUMBER: 00-6309-CR-SEITZ/010

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall participate in the Home Detention Electric Monitoring program for a period of **five Months**. During this time the defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer. The defendant shall maintain a telephone at his place of residence without call forwarding, call waiting, a modem, caller ID, or call back/call block services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures specified by the U.S. States Probation Officer. In addition, the defendant shall pay costs of electronic monitoring at the rate of $4.35 each day.

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days, unless excused by the U.S. Probation Officer. Further, the defendant shall provide documentation, including but not limited to, pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and any other documents requested by the U.S. Probation Office.

The defendant shall perform 300 hours of community service over the period of supervision, as directed by the United States Probation Officer.

The defendant shall participate in a program which provides personal financial services at his own expense.

DEFENDANT: GUISEPPE BELLITTO
CASE NUMBER: 00-6309-CR-SEITZ/010

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | $20,000.00 | $ |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.



# Prisoner Tracking System
## View PTS Record

**WARNING!! This data was last modified 231 days ago and may not be totally accurate**

### General Information



**Name:** BELLITTO, GIUSEPPE D

| | |
|---|---|
| **Sex:** MALE | **Race:** WHITE |
| **Eye Color:** BROWN | **Hair Color:** BLACK |
| **Height:** 5' - 9" | **Weight:** 220 |
| **Date of Birth:** 04/10/1949 | **Place of Birth:** MESSINA, IT |

### Additional Information

| | |
|---|---|
| **USMS Number:** 29426004 | **SS Number:** 267274316 |
| **FBI Number:** | **Citizenship Code:** XX |
| **Alien Number:** | **District:** D004 |
| **Updated:** 02/13/2001 | **Photo Available:** YES |

### Facility Information

| | |
|---|---|
| **Admit:** 10/31/2000 | **Release:** |
| **Location:** BND | |

RECEIVED

# United States District Court

2001 OCT -1  AM 9: Southern District of Florida
MIAMI DIVISION

SOUTHERN DISTRICT OF

FILED by _____ D.C.

SEP 2 8 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA  MIAMI

UNITED STATES OF AMERICA

v.

GUISEPPE BELLITTO

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 00-6309-CR-SEITZ/010

Counsel For Defendant: Charles Wender, Esq.
Counsel For The United States: Brian McCormick, AUSA
Court Reporter: David Ehrlich

The defendant pleaded guilty to Count Two of the Indictment. Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. 1955 | Conducting an illegal gambling business | January, 2001 | Two |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) remaining as to this Defendant are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.  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
Defendant's Date of Birth: 4/10/1949
Deft's U.S. Marshal No.:  29426-004

Defendant's Mailing Address:
11637 Kensington Court
Boca Raton, Florida

Defendant's Residence Address:
11637 Kensington Court
Boca Raton, Florida

Date of Imposition of Sentence:
September 28, 2001

_Patricia A. Seitz_
PATRICIA A. SEITZ
United States District Judge

September 28, 2001

Certified to be a true and
correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
By _____
Deputy Clerk
Date 9/28/01