UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6309 - CR - SEITZ



**UNITED STATES OF AMERICA,**

    Plaintiff,

vs.

**GUISEPPE BELLITTO,**

    Defendant.

==============================<>

## MOTION TO TERMINATE SUPERVISED RELEASE

**PLEASE TAKE NOTICE** that Defendant GUISEPPE BELLITTO, by and through his undersigned attorney, moves this Court pursuant to 18 U.S.C. 3583(e)(1) to terminate his remaining term of supervised release, and in support thereof would state:

    1.    On or about September 28, 2001 this Court sentenced the Defendant to serve five (5) months in prison followed by supervised release for a term of three (3) years. (See the annexed Exhibit A.)

    2.    The Defendant commenced his prison sentence on January 2, 2002. Upon completion of his imprisonment on or about June 1, 2002 the Defendant was turned over to the Immigration & Naturalization Service, was held in custody and was deported on or about June 28, 2002. (See copy of Deportation Order annexed hereto as Exhibit B.) More than one (1) year has elapsed into the Defendant's supervised release.

    3.    The Defendant is presently residing outside the United States, dutifully following his Order of deportation. The Defendant is still technically subject

to the terms and conditions of supervised release. See, <u>United States v. Akinyemi</u>, 108 F.3d 777 (7th Cir. 1997) and <u>United States v. Balogun</u>, 146 F.3d 146 (2d Cir. 1998), deportation does not toll period of supervised release. 18 U.S.C. 3583(e)(1) permits that, in the sound discretion of the court, after one year of supervised release to terminate the remaining term as warranted by the conduct of the defendant and in "the interests of justice". See, <u>United States v. Spinelle</u>, 835 F.Supp. 987 (E.D. March 1993), *aff'd.* 41 F.3d 1056 (6th Cir. 1994). Here, the Defendant has been punished beyond the sentence imposed, which has resulted in him having to leave his family (infirm elderly parents and a wife). The Order of deportation was a direct consequence of his guilty plea and conviction, and his deportation has been a harsh and sobering experience which far exceeds the requirements of supervised release.

4.    The Defendant is not being supervised, as he is not in the country, and it would appear that the "standard conditions" of supervised release cannot be met and are meaningless.

**WHEREFORE,** in the interests of justice, Defendant GIUSEPPE BELLITTO seeks an Order terminating his supervised release.

Respectfully submitted,

CHARLES WENDER
Attorney-at-Law, Chartered
190 West Palmetto Park Road
Boca Raton, Florida 33432
   561/ 368-7004
   561/ 368-5798 facsimile

By: _____
Charles Wender, Esquire
Florida Bar No. 246271

BELLITTO.MTN.TERMINATE.SUPER.RELEASE                -2-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail and/or facsimile to J. Brian McCormick, AUSA, United States Attorney's Office, Southern District of Florida, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33394 and Mildred Morgado, Esquire, BRAUWERMAN BRAUWERMAN & JUNE, P.A., 1000 Brickell Avenue, Suite 1040, Miami, FL 33131, on this ____ day of September, 2003.

By: _____
Charles Wender, Esquire

## CERTIFICATE OF GOOD FAITH

Prior to the filing of this motion the undersigned spoke to Assistant U.S. Attorney J. BRIAN McCORMICK, who indicated that he would "look into the matter" and file a formal response.

By: _____
Charles Wender, Esquire

10·2·01

FILED by _____ D.C.

SEP 2 8 2001

CLARENCE MADDOX
CLER., U.S. DIST. CT.
S.D. OF FLA  MIAMI

# United States District Court
## Southern District of Florida
### MIAMI DIVISION

UNITED STATES OF AMERICA

v.

GUISEPPE BELLITTO

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 00-6309-CR-SEITZ/010

Counsel For Defendant: Charles Wender, Esq.
Counsel For The United States: Brian McCormick, AUSA
Court Reporter: David Ehrlich

The defendant pleaded guilty to Count Two of the Indictment. Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. 1955 | Conducting an illegal gambling business | January, 2001 | Two |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) remaining as to this Defendant are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.  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
Defendant's Date of Birth: 4/10/1949
Deft's U.S. Marshal No.:  29426-004

Defendant's Mailing Address:
11637 Kensington Court
Boca Raton, Florida

Defendant's Residence Address:
11637 Kensington Court
Boca Raton, Florida

Date of Imposition of Sentence:
September 28, 2001

PATRICIA A. SEITZ
United States District Judge

September 28, 2001

EXHIBIT A

DEFENDANT: GUISEPPE BELLITTO
CASE NUMBER: 00-6309-CR-SEITZ/010

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **5 Months**.

The Court recommends to the Bureau of Prisons:

> Defendant be placed in a facility in South Florida so that his family can visit him.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons **before 2:00 P.M. on January 2, 2002.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

DEFENDANT: GUISEPPE BELLITTO
CASE NUMBER: 00-6309-CR-SEITZ/010

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term 3 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**The defendant shall also comply with the additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: GUISEPPE BELLITTO
CASE NUMBER: 00-6309-CR-SEITZ/010

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall participate in the Home Detention Electric Monitoring program for a period of **five Months**. During this time the defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer. The defendant shall maintain a telephone at his place of residence without call forwarding, call waiting, a modem, caller ID, or call back/call block services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures specified by the U.S. States Probation Officer. In addition, the defendant shall pay costs of electronic monitoring at the rate of $4.35 each day.

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days, unless excused by the U.S. Probation Officer. Further, the defendant shall provide documentation, including but not limited to, pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and any other documents requested by the U.S. Probation Office.

The defendant shall perform 300 hours of community service over the period of supervision, as directed by the United States Probation Officer.

The defendant shall participate in a program which provides personal financial services at his own expense.

DEFENDANT: GUISEPPE BELLITTO
CASE NUMBER: 00-6309-CR-SEITZ/010

## CRIMINAL MONETARY PENALTIES

　　　　The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | $20,000.00 | $ |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Case 0:00-cr-06309-PAS   Document 1451   Entered on FLSD Docket 09/08/2003   Page 9 of 11
USDC FLSD 245B (Rev 3/01) - Judgment in a Criminal Case                                    Page 6 of 6

DEFENDANT: GUISEPPE BELLITTO
CASE NUMBER: 00-6309-CR-SEITZ/010

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

    A. Lump sum payment of **$20,100.00** due immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The fine/restitution is payable to the U.S. COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **301 N. MIAMI AVENUE, ROOM 150**
    **MIAMI, FLORIDA 33132**

**The fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: GUISEPPE BELLITTO
CASE NUMBER: 00-6309-CR-SEITZ/010

## STATEMENT OF REASONS
### (Not for Public Disclosure)

The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

The Court finds that the Defendant's criminal conduct did not begin while he wason supervised release, therefore, his criminal history category is II.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 10 |
| Criminal History Category: | II |
| Imprisonment Range: | 8 - 14 months |
| Supervised Release Range: | 2 - 3 years |
| Fine Range: | $2,000 - 20,000 |

The sentence is within the guideline range, that range does not exceed 24 months, and the Court finds no reason to depart from the sentence called for by application of the guidelines.

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
1900 E. WHATLEY ROAD
OAKDALE, LA 71463

In the Matter of:                    Case No.: A19-654-707
AF-BELLETTO, GIUSEPPE
                                     IN REMOVAL PROCEEDINGS
RESPONDENT
                    ORDER OF THE IMMIGRATION JUDGE

Upon the basis of respondent's admissions, I have determined that the
respondent is subject to removal on the charge(s) in the Notice to Appear.

Respondent has made no application for relief from removal.

It is HEREBY ORDERED that the respondent be removed from the United States
to CANADA                                          on the charge(s) contained in the N
Appear.

If you fail to appear for removal at the time and place ordered by the INS,
other than because of exceptional circumstances beyond your control (such as
serious illness of the alien or death of an immediate relative of the alien,
but not including less compelling circumstances), you will not be eligible
for the following forms of relief for a period of ten (10) years after the date
you were required to appear for removal:

(1) Voluntary departure as provided for in section 240B of the
    Immigration and Nationality Act;
(2) Cancellation of removal as provided for in section 240A of the
    Immigration and Nationality Act; and
(3) Adjustment of status or change of status as provided for in section
    245, 248 or 249 of the Immigration and Nationality Act.

                                    AGNELIS L. REESE
                                    Immigration Judge
                                    Date: May 31, 2002

Appeal: (WAIVED) /A/I/R)
Appeal Due By:

---
                    CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M) PERSONAL SERVICE (P)
TO: [ ] ALIEN [ ] ALIEN c/o Custodial Officer [ ] Alien's ATT/REP [ ] INS
DATE: 5/31/02      BY: COURT STAFF _____
    Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other

Form EOIR 7 - AT (REMOVAL Order)

**EXHIBIT B**